# CV-08 5256

Gregg A. Paradise
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax:  908.654.7866

*Attorneys for Plaintiff Therion Inc.*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 3 1 2008   ★

LONG ISLAND OFFICE

(5I)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

THERION INC.,

                    Plaintiff,

     v.

MEDIA BY DESIGN, INC. d/b/a HEALTH WITH
MAGNETS, DENNIS BACKER, and BLUEHOST
INC.,

                    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
x

Civil Action No. _____

PLATT, L

BOYLE, M.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Therion Inc. ("Therion"), complains of defendants Media By Design, Inc. d/b/a

Health With Magnets, Dennis Backer, and Bluehost Inc., and alleges as follows, upon knowledge

with respect to Therion and its own acts, and upon information and belief as to all other matters:

## PARTIES

1.    Plaintiff Therion Inc. is a New York corporation with offices at 48 Drexel Drive,

Bay Shore, New York 11706.

2.    Upon information and belief, defendant Media By Design, Inc. d/b/a Health With

Magnets ("Media By Design") is a California corporation with offices at 17518 Von Karman,

Irvine, California 92614.

951690_1.DOC

3.     Upon information and belief, defendant Dennis Backer ("Backer") is an individual with a residence at 41 Eagle Pt, Irvine, California 92604, and is the principal of defendant Media By Design, Inc. d/b/a Health With Magnets.

4.     Upon information and belief, defendant Bluehost Inc. ("Bluehost") is a Utah corporation with offices at 1215 N. Research Way, #Q3500, Orem, Utah 84097.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the Copyright Laws of the United States; and also pursuant to 28 U.S.C. § 1332, because the plaintiff is a citizen of a state different from those of all defendants, and the amount in controversy exceeds $75,000.

6.     This Court has supplemental jurisdiction over the state law claims set forth in this Complaint pursuant to 28 U.S.C. § 1367(a).

7.     The claims alleged in this Complaint arise in the State of New York and the Eastern District of New York and elsewhere.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## BACKGROUND

### Therion's Rights Acquired From Backer And Media By Design

9.     Therion is the largest manufacturer of professional magnetic therapy products in the United States.  Therion specializes in advanced biomagnetics research and the development of magnetic therapy products that more effectively manage pain and improve sleep.  It offers its line of magnetic therapy products through dealers, distributors, and online at www.therionresearch.com.

10.   Prior to August 2008, defendant Backer was an online dealer of Therion's magnetic therapy products through his Web site www.healthwithmagnets.com. Backer operated the Web site through his California company, defendant Media By Design.

11.   Media By Design maintained an Internet Web site hosting account with defendant Bluehost.

12.   On August 24, 2008, Backer, as President of Media By Design, executed an agreement with Therion titled "Agreement for Transfer of Ownership ('Purchase and Sale') of Business" (the "Sale Agreement"). A true and correct copy of the Agreement is annexed hereto as Exhibit A.

13.   The Sale Agreement provided for the sale of the entire Media By Design business owned by Backer to Therion. This sale included transfer of, *inter alia*, all inventory and merchandise, all domain names, online accounts, Web site hosting accounts, banking and payment transaction accounts, and intellectual property.

14.   Therion assumed control of all assets and accounts of Media By Design, including the Web site hosting account with Bluehost.

15.   The Internet Web site hosting account maintained with Bluehost contained a Pinnacle Cart brand online shopping cart (the "Cart"). Included within the Cart are extensive electronic data files that include all of Therion's product data including technical specifications and sales and pricing information, product photographs, and Web site graphics, design, and layout information.

16.   Shortly after Therion acquired Media By Design, Therion used the account access information and passwords provided by Backer, and updated all of Media By Design's online accounts, including the Web site hosting account with Bluehost, to reflect Therion's ownership of

these accounts.   Therion also changed all of the passwords so only Therion would have continued access to the accounts.

### Defendants' Wrongful Conduct

17.     On or about November 21, 2008, Therion attempted to access its Bluehost account and was denied access.

18.     On information and belief, on or about November 21, 2008, or shortly before that date, Backer contacted Bluehost to attempt to regain control of the Bluehost Web site hosting account he had previously sold to Therion.

19.     On information and belief, despite the fact that Therion was listed in all Bluehost account data as the owner of the Web site hosting account, Bluehost provided Therion's account access password to Backer.

20.     On information and belief, Backer then changed the password to seize control of the Bluehost Web site hosting account, and deny access to Therion.

21.     These acts by defendants have deprived Therion of access to the account, as well as all of the data in the Cart.

22.     These acts by defendants have prevented Therion from operating its e-commerce Web site at www.healthwithmagnets.com, causing a loss of significant sales and revenues.

23.     Backer and Media By Design also attempted to seize control of the Internet domain name registration for www.healthwithmagnets.com.  This domain name was included in the Sale Agreement and sold to Therion.

24.     On information and belief, on or about November 20, 2008, Backer contacted IPower, the Registrar responsible for the www.healthwithmagnets.com domain name registration, and claimed that an "unauthorized change of domain name ownership" had occurred.

25.     IPower correctly noted that Therion was the owner of the registration, and refused to take any further action, thwarting Backer's and Media By Design's attempt to seize control of the domain name registration.  A true and correct copy of the "ticket notes" recorded by IPower is annexed hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

### Breach Of Contract Against Backer And Media By Design

26.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

27.     Backer's and Media By Design's actions to seize control of the Bluehost Web site hosting account, and thereby deny access to Therion, constitute a breach of the Sale Agreement.

28.     The aforesaid acts of Backer and Media By Design were committed willfully, knowingly, maliciously, and in conscious disregard of their legal obligations to Therion.

29.     The aforesaid conduct of defendants has caused, and unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Therion's property and business.

30.     Therion has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Breach Of Contract Against Bluehost

31.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

32.     When Therion purchased Media By Design, including the Bluehost Web site hosting account, Therion assumed Media By Design's position in its contract with Bluehost to provide Web site hosting services.

33.     Bluehost had knowledge of the change of ownership of the Web site hosting account when the account owner information and password were changed to reflect Therion's ownership.

34.     Bluehost's actions to return control of the Web site hosting account to Backer, and thereby deny access to Therion, constitute a breach of Bluehost's contract with Therion.

35.     The aforesaid acts of Bluehost were committed willfully, knowingly, maliciously, and in conscious disregard of their legal obligations to Therion.

36.     The aforesaid conduct of defendants has caused, and unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Therion's property and business.

37.     Therion has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Misappropriation Against All Defendants

38.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

39.     Defendants misappropriated Therion's property by seizing control of the Bluehost Web site hosting account, and thereby denying access to Therion.

40.     The aforesaid acts of defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Therion's rights.

41.     The aforesaid conduct of defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Therion's property and business.

42.     The aforesaid infringement by defendants has caused Therion to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

43.     Therion has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition Against All Defendants

44.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

45.     Defendants' unauthorized, deceptive, and improper misappropriation of Therion's Web site hosting account and Cart, including Therion's intellectual property assets, constitutes an act of unfair competition that has harmed Therion and its goodwill.

46.     The aforesaid acts of defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Therion's rights.

47.     The aforesaid conduct of defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Therion's property and business.

48.     The aforesaid infringement by defendants has caused Therion to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

49.     Therion has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Conversion Against All Defendants

50.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

51.     Defendants knowingly and intentionally exerted unauthorized control over Therion's Bluehost Web site hosting account and Cart.  Defendants knowingly and intentionally exerted unauthorized control over Therion's intellectual property assets by seizing control of the Bluehost Web site hosting account, and thereby denying access to Therion.

52.     The foregoing acts of defendants constitute common-law conversion.

53.     The aforesaid acts of defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Therion's rights.

54.     The aforesaid conduct of defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Therion's property and business.

55.     The aforesaid infringement by defendants has caused Therion to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

56.     Therion has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**

**Copyright Infringement Against All Defendants**

57.     Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

58.     By virtue of the Sale Agreement, Backer and Media By Design had a duty to disclose to Bluehost their sale to Therion of the Media By Design business, including the Bluehost Web site hosting account.  Upon information and belief, Backer and Media By Design knowingly, or with reckless disregard for the truth, failed to fully disclose this information to Bluehost, despite their obligation to do so.

59.     Therion's Cart contains original material where Therion is the author, and such material is copyrightable subject matter under the copyright laws of the United States.

60.     On December 24, 2008, Therion filed an application to register its copyright for its www.healthwithmagnets.com Web site, including the protectable elements of the Cart, with the Registrar of Copyrights.  A copy of Therion's application is annexed hereto as Exhibit C.

61.     Upon information and belief, since on or about November 21, 2008, the defendants have published, copied, and/or distributed the copyrighted contents of Therion's Cart and Web site design and content, without authorization.

62.     The aforesaid acts of defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Therion's rights.

63.     The aforesaid conduct of defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Therion's property and business.

64.     The aforesaid infringement by defendants has caused Therion to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

65.     Therion has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Therion Inc. demands judgment against defendants Media By Design, Inc. d/b/a Health With Magnets, Dennis Backer, and Bluehost Inc. as follows:

A.     A preliminary and permanent injunction enjoining defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from using any of the electronic data files that comprise Therion's Pinnacle Cart brand online shopping cart, including, but not limited to, all of Therion's product data including technical specifications and sales and pricing information, product photographs, and Web site graphics, design, and layout information;

B.     An order directing that control and ownership of Therion's Bluehost Web site hosting account be immediately transferred by Bluehost to Therion;

C.     An award to Therion of its lost revenues arising out of defendants' tortious acts, in an amount to be established at trial;

D.      An award to Therion of compensatory damages arising out of defendants' tortious

acts;

E.      An award to Therion of exemplary and/or punitive damages;

F.      An award by the Court to Therion of its reasonable attorney fees and the costs of

this action;

G.      Prejudgment and postjudgment interest on the above monetary awards; and

H.      Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Therion Inc. hereby demands a trial by jury on all

issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Therion Inc.*

Dated: December 30, 2008       By: _____
                                    Gregg A. Paradise
                                    600 South Avenue West
                                    Westfield, NJ 07090
                                    Tel:   908.654.5000
                                    Fax:   908.654.7866
                                    E-mail:gparadise@ldlkm.com
                                           litigation@ldlkm.com

Exhibit A

### AGREEMENT FOR TRANSFER OF OWNERSHIP ("PURCHASE AND SALE") OF BUSINESS

This agreement is made on August 24th, 2008 by, Bruce P. Spiegler, President of Therion Inc. with its principal office located in Bay Shore, New York ("Buyer"), and Dennis Backer, President of Media By Design, Inc. of Irvine, California ("Seller").

### ARTICLE I.

### PURCHASE AND SALE

1.01. In consideration of the mutual promises and conditions contained in this agreement, Seller agrees to sell to Buyer, and Buyer agrees to purchase from Seller, on the terms, conditions, warranties and representations set forth in this Agreement:

(a) the business owned by Seller, being conducted under Media By Design, Inc. d/b/a Health With Magnets, located at 17518 Von Karman, Irvine, California 92614 ("the Business");

(b) all of the stock in trade, inventory, and merchandise of the Business, if any;

(c) all of the, software, domain names(s), online accounts, website hosting accounts, banking and payment transaction accounts, active user names and passwords, intellectual property and other tangible assets of the Business;

(e) all the trade, business name, goodwill, and other tangible or intangible assets of the Business.

### ARTICLE II.

### AMOUNT OF PURCHASE PRICE ("TRANSFER OF OWNERSHIP")

2.01. The total purchase price to be paid by Buyer to Seller for all the properties, assets and rights of the Business described in this Agreement ("Purchase Price") shall be a 6% commission on the portion of Buyer's sales while the SELLER is employed by the Buyer in the capacity of Director of Sales and Marketing (or similar position) with all responsibilities of said position(s), allocated as follows:

    **a.**    6% ("the commission rate") of all Healthwithmagnets.com sales

    **b.**    6% of the portion of Therionresearch.com sales that are over and above (i.e. greater than) the current website sales volume

    **c.**    6% of All non-stocking and stocking medical/alternative medical product dealers

    **d.**    6% of All new medical/alternative medical product websites

2.02. At such time that commission rate consistently averages out to the equivalent of $50,000 per year, BUYER and SELLER agree to convert above commission rates to an annual salary of $50,000 plus an override.

### ARTICLE III.

### PAYMENT OF PURCHASE PRICE

3.01. The 6% commission ("Purchase Price") shall begin to accrue as of the date of completion of all account transfers and be paid by check on a weekly or biweekly basis.

**Exhibit A**

ARTICLE IV.

CLOSING

4.01. The closing of the sale and purchase of the Business ("the Closing") shall take place at Therion Inc, on or about *August 24th*.

4.02. At the closing the Seller shall:

(a) deliver clear and marketable title and ownership to Buyer of all assets subject to this Agreement;

(b) acknowledge this Agreement to be the Bill of Sale;

(c) execute the Assignment of Assumed Name Certificate to this agreement within 30 days of closing; and

(d) execute any other documents necessary to finalize this Agreement.

(e) provide and assist BUYER with all user names and passwords so as to transfer ownership of all accounts

4.03. At the Closing the Buyer shall:

(a) execute any other documents necessary to finalize this Agreement within 30 days.

ARTICLE V.

REPRESENTATIONS, WARRANTIES, COVENANTS AND AGREEMENTS BY SELLER

5.01. Seller agrees and warrants and represents to Buyer that:

(a) the financial records for the Business, previously inspected by Buyer, contain a full and complete record and account of the financial affairs of this Business and truthfully set forth all liabilities, assets and other matters pertaining to the fiscal or financial condition of this Business through the date of inspection and furthermore, that there have been no material changes in the financial condition of this Business since that time except for transactions normal to this Business;

(b) Seller is the lawful owner of this Business and has good right and due authorization to sell it. At the time of signing this Agreement, Seller neither knows nor has reason to know of the existence of any outstanding claim or title, or interest, or lien in, to, or on this Business except as shown on the financial records of this Business inspected by Buyer;

(c) all property and equipment sold pursuant to this Agreement are free and clear of any lien (including UCC financing statements) and/or debt unless otherwise set forth in a written statement from Seller to Buyer;

(d) Seller owes no obligations and has contracted no liabilities affecting this Business or which might affect the consummation of the purchase and sale described in this Agreement that are not shown on the financial records inspected by Buyer and that have not been expressly disclosed to Buyer;

(e) there are no taxes due and owing on account of Seller's operation of the Business for unemployment compensation, withholding tax, social security tax, sales tax, personal property tax, franchise tax, income tax, and other taxes of any nature;

(f) any accounts payable due and owing as of the Closing shall remain the responsibility of Seller and shall be paid promptly as they become due and payable;

(g) no litigation, actions or proceedings, legal, equitable, administrative, through arbitration or otherwise, including but not limited to lawsuits, claims or disputes with employees, customers and vendors, etc., are pending or threatened that might affect this Business, the assets being purchased, or the consummation of the purchase and sale described in this Agreement;

(h) Seller agrees to indemnify and hold Buyer harmless from any and all claims, causes of actions, damages, or debts, including legal fees, resulting from any actions, occurrences or events occurring prior to the Closing;

## ARTICLE VI.

### REPRESENTATIONS, WARRANTIES AND AGREEMENTS BY BUYER

6.01. Buyer agrees and warrants and represents to Seller that Buyer will duly notify all authorities, suppliers, creditors, and/or other entities that Buyer is to be responsible for all liabilities and direct expenses associated with the operation of the Business, including without limitation withholding taxes, social security taxes, unemployment contributions, salaries, and purchases incurred after the Closing, and Buyer specifically agrees to assume such liabilities as of the Closing.

## ARTICLE VII.

### COMPLIANCE WITH BULK SALES LAW

7.01. At the Closing, Seller will deliver to Buyer a sworn list of all existing creditors of the Business.

7.02. By reason of this list Seller and Buyer agree that notice to creditors under the Bulk Sales law of California and New York will not be required and need not be given except in respect to any creditors named on this list.

7.03. Any such debt, unless otherwise provided for in this Agreement, is to be paid solely by Seller, and Seller does indemnify and hold Buyer harmless from any and all loss, expense, damage or liability, including counsel fees, that Buyer may incur or become subject to by reason of noncompliance with the Bulk Sales law.

## ARTICLE VIII.

### TRADE NAME, TELEPHONE NUMBER AND POST OFFICE BOX

8.01. Seller assigns to Buyer the ownership and exclusive right to use the trade or business name and domain name(s), and Seller agrees not to use, or authorize others to use, this name or a similar name.

8.02. Seller agrees to allow Buyer to assume the Business telephone number, current advertising arrangements, including Print and Online (i.e. Internet) Advertising," and the Post Office Box or Physical Address, if any, currently used by the Business for a mailing address.

## ARTICLE IX.

### DELIVERY OF BOOKS AND RECORDS

9.01. All books, records, files, documents and papers, including customer lists and all records of the accounts of customers used in the operation of or relating to the Business shall be transferred and delivered to Buyer within 10 days of Closing.

9.02. All of these books, records, files, documents and papers shall be available to Seller at any reasonable time for any proper purpose, and Seller has the right to freely examine and to copy all such materials prior to closing.

## ARTICLE X.

### NONASSUMPTION OF LIABILITIES

10.01. Unless otherwise expressly provided for in this agreement, the liabilities and obligations incurred by Seller prior to the Closing are not assumed by Buyer but continue as liabilities and obligations of Seller and shall be solely paid by Seller.

10.02. In the event Buyer is required to pay after the Closing any valid lien, debt, or expense incurred by Seller prior to the Closing Date, Buyer shall have the right to offset any such lien, debt, or expense actually paid by Buyer, which is the valid and legal obligation of the Seller, against any payment owed to Seller by Buyer.

## ARTICLE XI.

## INDEMNIFICATION OF SELLER

11.01. Buyer will indemnify and hold Seller and the property of Seller free and harmless from any and all claims, losses, damages, injuries and liabilities arising from or in connection with the operation of the Business after the Closing.

## ARTICLE XII

## DEFAULT

13.01. After execution of this Agreement by the parties, default shall consist in the failure of either party to perform its respective obligations and duties and/or a breach of a warranty or covenant in this agreement.

13.02. In the event of default of either party, Seller or Buyer shall have the right to sue for specific performance and/or sue for damages in addition to any other relief provided in this Agreement or attached Exhibits. In a suit for default, reasonable attorney fees shall be recoverable by the prevailing party.

## ARTICLE XIII.

## RESTRICTIVE COVENANTS

15.01. The Seller expressly agrees that for a period of five years following the execution of this Agreement, he, directly or indirectly, as an employee, agent, proprietor, partner, stockholder, officer, director, or otherwise, render any services to, or on *his* own behalf engage in or own a part or all of any business which is the same as, similar to, or competitive with the Business, which is being sold to Buyer of the Business that is being sold without the prior written consent of the Buyer.

15.02. The Seller shall not for a period of five years immediately following the execution of this Agreement, regardless of any reasons or cause, either directly or indirectly:

(a) make known to any person, firm or corporation the names and addresses of any of the customers of the Seller or Buyer or any other information pertaining to them: or

(b) call on, solicit, or take away, or attempt to call on, solicit, or take away any of the customers of the Seller on whom the Seller called or with whom *he or she* became acquainted during ownership of this Business either for Seller or for any other person, firm or corporation.

15.03. Should Seller violate any paragraph of this Article, any remaining amounts now due, or which shall become due, from Buyer to Seller shall be considered paid in full.

## ARTICLE XIV.

## GENERAL AND ADMINISTRATIVE PROVISIONS

16.01. Parties Bound. This Agreement shall be binding upon and inure to the benefit of the Parties to this Agreement and their respective heirs, executors, administrators, legal representatives, successors and assigns.

16.02. Assignment. The Seller shall have no right to transfer or assign his interest in this Agreement without the prior written consent of the Buyer.

16.03. Corporate Authority. If any party to this Agreement is a legal entity (partnership, corporation and/or trust), such party represents to the other that this Agreement, the transaction contemplated in this Agreement, and the execution and delivery hereof, have been duly authorized by all necessary partnership, corporate or trust proceedings and actions, including without limitation the action on the part of the directors, if the party is a corporation. Certified copies of such corporate or other resolutions authorizing this transaction shall upon request be delivered at the Closing.

16.04. Use of Pronouns. The use of the neuter singular pronoun to refer to the Parties described in this Agreement shall be deemed a proper reference even though the Parties may be an individual, a partnership, a corporation, or group of two or more individuals, partnerships or corporations. The necessary grammatical changes required to make the provisions of this Agreement apply in the plural sense where there is more then one party to this Agreement, and to either corporations, partnerships or individuals, males or females, shall in all instances be assumed as though in each case fully expressed.

16.05. New York State Law. This Agreement shall be subject to and governed by the laws of the State of New York.

16.06. Severability. If any provision of this Agreement should, for any reason, be held violative of any applicable law, and so much of this Agreement be held unenforceable, then the invalidity of such a specific provision in this Agreement shall not be held to invalidate any other provisions in this Agreement, which other provisions shall remain in full force and effect unless removal of the invalid provisions destroys the legitimate purposes of this Agreement, in which event this Agreement shall be canceled.

16.07. Entire Agreement. This Agreement represents the entire understanding of the Parties hereto. There are no oral agreements, understandings, or representations made by any party to this Agreement that are outside of this Agreement and are not expressly stated in it.

16.08. Notices. All notices or other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be considered as properly given if mailed from within the United States by first class mail, postage prepaid, and addressed as follows:

     to Seller:  Media By Design, Inc.
                  17518 Von Karman
                  Irvin, California 92614

     to Buyer:  Therion Inc.
                  48 Drexel Drive
                  Bay Shore, NY 11706

A party may change the address for notice by giving of such change to the other party in writing.

SIGNED, ACCEPTED, AND AGREED TO August 24th, 2008 by the undersigned parties, who acknowledge that they have read and understand this Agreement and the Attachments and Schedules to it and they execute this legal document voluntarily and of their own free will.

Respectfully submitted,

SELLER: Media By Design. Inc. d/b/a Health With Magnets

BY:

_____
Authorized Signature

Dennis Backer
_____
Printed Name

President
_____
Title

BUYER: Therion Inc.

BY:

_____

Bruce P. Spiegler
_____
Printed Name

President
_____
Title

State of New York

County of Suffolk

This instrument was acknowledged before me August 24ᵗʰ. 2008, by

_____
Notary Public's Signature:

**BRUCE Z. FEINBERG**
Notary Public, State of New York
No. 5000199
Qualified in Suffolk County
Commission Expires August 10, 2010

[Notary's typed or printed name]

NOTARY PUBLIC FOR THE STATE OF _New York_

(Seal)

My commission expires: _August 10, 2010_

**BRUCE Z. FEINBERG**
Notary Public, State of New York
No. 5000199
Qualified in Suffolk County
Commission Expires August 10, 2010

[or Notary's Stamp]

B

**Tracking Number: 5541305**

**Subject: unauthorized change of domain name ownership**

Expand All Collapse All

| Date | Type |
|------|------|
| | |



Exhibit C

 UNITED STATES COPYRIGHT OFFICE
# Form CO · Application for Copyright Registration

---

## APPLICATION FOR COPYRIGHT REGISTRATION                     VA

---

\* Designates Required Fields

# 1 WORK BEING REGISTERED

**1a.** \* Type of work being registered *(Fill in one only)*

- ☐ Literary work
- ☐ Performing arts work
- ☒ Visual arts work
- ☐ Motion picture/audiovisual work
- ☐ Sound recording
- ☐ Single serial issue

ApplicationForCopyrightRegistration

**1b.** \* Title of this work *(one title per space)*

> Therion Research Website 2007

WorkTitles

**1c.** For a serial issue:  Volume [ ]  Number [ ]  Issue [ ]  ISSN [ ]

Frequency of publication: [ ]

**1d.** Previous or alternative title

[ ]

**1e.** \* Year of completion [ 2 0 0 7 ]

**Publication** *(If this work has not been published, skip to section 2)*

**1f.** Date of publication [06/29/2007] *(mm/dd/yyyy)*   **1g.** ISBN [ ]

**1h.** Nation of publication   ☒ United States   ☐ Other

**1i.** Published as a contribution in a larger work entitled

[ ]

**1j.** If line 1i above names a serial issue   Volume [ ]   Number [ ]   Issue [ ]

**1k.** If work was preregistered   Number PRE- [ ][ ][ ][ ][ ][ ][ ]

**For Office Use Only**

WorkBeingRegistered

**Exhibit C**

Privacy Act Notice
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.



UNITED STATES COPYRIGHT OFFICE
# Form CO · Application for Copyright Registration

## 2 AUTHOR INFORMATION

**2a.** Personal name    �now▸ * complete either 2a or 2b

First Name | Middle | Last

**2b.** Organization name   Therion Inc.

**2c.** Doing business as

**2d.** Year of birth _____    **2e.** Year of death _____

**2f.** *  ☒ Citizenship    ☒ United States    ☐ Other
        ☐ Domicile    ☐ United States    ☐ Other

**2g.** Author's contribution:  ☒ Made for hire    ☐ Anonymous
        ☐ Pseudonymous

**Continuation of Author Information**

**2h.** * This author created *(Fill in only the authorship that applies to this author)*

☒ Text           ☐ Compilation           ☐ Map/technical drawing    ☐ Music
☐ Poetry         ☐ Sculpture             ☐ Architectural work       ☐ Lyrics
☐ Computer program ☐ Jewelry design      ☒ Photography              ☐ Motion picture/audiovisual
☐ Editing        ☒ 2-dimensional artwork ☐ Script/play/screenplay   ☐ Sound recording/performance

Other: _____

**For Office Use Only**

AuthorInformation

Privacy Act Notice
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.



UNITED STATES COPYRIGHT OFFICE
# Form CO · Application for Copyright Registration

## 3 COPYRIGHT CLAIMANT INFORMATION

**Claimant**   *complete either 3a or 3b* - If you do not know the address for a claimant, enter "not known" in the Street address and City fields. You must give the address for at least one claimant.

**3a.** Personal name

| First Name | Middle | Last |
|---|---|---|
| | | |

**3b.** Organization name

Therion Inc.

**3c.** Doing business as

**3d.** Street address *

48 Drexel Drive

Street address (line 2)

| City * | State | ZIP / Postal code | Country |
|---|---|---|---|
| Bay Shore | NY | 11706 | United States |

| Email | Phone number |
|---|---|
| bspiegler@therionresearch.com | 631-231-3100 x305 |

**3e.** If claimant is **not** an author, copyright ownership acquired by: ☐ Written agreement ☐ Will or inheritance ☐ Other

---

**For Office Use Only**

CopyrightClaimantInformation

---

Privacy Act Notice
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.



UNITED STATES COPYRIGHT OFFICE
# Form CO · Application for Copyright Registration

## 4 LIMITATION OF COPYRIGHT CLAIM

**Skip section 4 if this work is all new.**

**4a.** Material excluded from this claim *(Material previously registered, previously published, or not owned by this claimant)*

☐ Text   ☐ Artwork   ☐ Music   ☐ Sound recording/performance   ☐ Motion picture/audiovisual

Other: [                                                                    ]

**4b.** Previous registration(s)   Number [                    ]   Year [    ]

Number [                    ]   Year [    ]

**4c.** New material included in this claim *(This work contains new, additional, or revised material)*

☐ Text              ☐ Compilation       ☐ Map/technical drawing   ☐ Music
☐ Poetry            ☐ Sculpture         ☐ Architectural work      ☐ Lyrics
☐ Computer program  ☐ Jewelry design    ☐ Photography             ☐ Motion picture/audiovisual
☐ Editing           ☐ 2-dimensional artwork   ☐ Script/play/screenplay   ☐ Sound recording/performance

Other: [                                                                    ]

---

**For Office Use Only**

LimitationOfCopyrightClaim

---

Privacy Act Notice
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.



UNITED STATES COPYRIGHT OFFICE
# Form CO · Application for Copyright Registration

## 5 RIGHTS AND PERMISSIONS CONTACT

☒ Check if information below should be copied from the **first** copyright claimant

| First Name | Middle | Last |
|---|---|---|
| Bruce | P | Spiegler |

Name of organization
Therion Inc.

Street address
48 Drexel Drive

Street address (line 2)

| City | State | ZIP / Postal code | Country |
|---|---|---|---|
| Bay Shore | NY | 11706 | United States |

| Email | Phone number |
|---|---|
| bspiegler@therionresearch.com | 631-231-3100 x305 |

**For Office Use Only**

RightsAndPermissionsContact

**Privacy Act Notice**
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.



**UNITED STATES COPYRIGHT OFFICE**
# Form CO · Application for Copyright Registration

## 6 CORRESPONDENCE CONTACT

☒ Copy from **first** copyright claimant    ☐ Copy from rights and permissions contact

| First name * | Middle | Last * |
|---|---|---|
| Bruce | P | Spiegler |

Name of organization
Therion Inc.

Street address *
48 Drexel Drive

Street address (line 2)

| City * | State | ZIP / Postal code | Country |
|---|---|---|---|
| Bay Shore | NY | 11706 | United States |

| Email * | Daytime phone number |
|---|---|
| bspiegler@therionresearch.com | 631-231-3100  x305 |

**For Office Use Only**

CorrespondenceContact

**Privacy Act Notice**
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.



UNITED STATES COPYRIGHT OFFICE
# Form CO · Application for Copyright Registration

---

## 7 MAIL CERTIFICATE TO:

**\* Complete either 7a, 7b, or both**

☐ Copy from **first** copyright claimant    ☐ Copy from rights and permissions contact    ☒ Copy from correspondence contact

| 7a. First Name | Middle | Last |
|---|---|---|
| Bruce | P | Spiegler |

7b. Name of organization

Therion Inc.

7c. Street address *

48 Drexel Drive

Street address (line 2)



| City * | State | ZIP / Postal code | Country |
|---|---|---|---|
| Bay Shore | NY | 11706 | United States |

| For Office Use Only | |
|---|---|
|  | MailCertificateTo |

---

**Privacy Act Notice**
Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

**UNITED STATES COPYRIGHT OFFICE**
# Form CO · Application for Copyright Registration

---

## 8 CERTIFICATION

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

I certify that I am the author, copyright claimant, or owner of exclusive rights, or the authorized agent of the author, copyright claimant, or owner of exclusive rights, of this work, and that the information given in this application is correct to the best of my knowledge.



**8a.** Handwritten signature

Bruce P Spiegler, President                                      12/29/2008

**8b.** Printed name                                            **8c.** Date signed

**8d.** Deposit account number          Account holder

**8e.** Applicant's internal tracking number (optional)

EO 955 694 845 US

| For Office Use Only | |
| --- | --- |

Certification

**What are these barcodes for?**

The Adobe® LiveCycle® Barcoded Forms bar-codes provide a facility to automate the extraction of data from paper forms and deliver it to core systems for processing. This dramatically reduces costs, errors, and time compared to manual data entry and solutions based on optical character recognition (OCR).

**Privacy Act Notice**
Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.