Eric S. Crusius (EC-9735)
DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 100
Glen Allen, VA 23059
Tel: 804-346-9770
Fax: 804-346-0800
*Attorneys for Defendant Bluehost, Inc.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
THERION INC.,                                    Civil Action No. 08-5256-TCP-ETB

        *Plaintiff,*

    -against-

MEDIA BY DESIGN, INC. d/b/a HEALTH WITH
MAGNETS, DENNIS BACKER, and BLUEHOST
INC.,

        *Defendants*.
-----------------------------------------------------------X

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Eric S. Crusius (EC-9735)
DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 100
Glen Allen, VA 23059
Tel: 804-346-9770
Fax: 804-346-0800
*Attorneys for Defendant Bluehost, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
THERION INC.,                                                    Civil Action No. 08-5256-TCP-ETB

       *Plaintiff,*

   -against-

MEDIA BY DESIGN, INC. d/b/a HEALTH WITH
MAGNETS, DENNIS BACKER, and BLUEHOST
INC.,

       *Defendants*.
-----------------------------------------------------------X

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Defendant Bluehost Inc. ("Bluehost") respectfully submits this Memorandum of Points and Authorities in opposition to Plaintiff Therion Inc.'s ("Therion") Motion for Partial Summary Judgment (the "Motion") pursuant to Fed.R.Civ.P. Rule 56 seeking summary judgment against Bluehost with respect to Therion's second cause of action (breach of contract), fifth cause of action (conversion) and Bluehost's counterclaim sounding in breach of contract.

For the reasons stated in this Memorandum as well as the contemporaneously filed Rule 56.1 Counterstatement, the Declaration of Eric S. Crusius sworn to on

February 3, 2010 (the "Crusius Decl.") and the exhibits annexed thereto, Bluehost respectfully requests that Therion's Motion be denied in its entirety.

### PRELIMINARY STATEMENT

This case involves a business dispute between Plaintiff Therion and Defendants Media By Design d/b/a Health With Magnets and Dennis Backer. Bluehost is solely named as a Defendant by virtue of the fact that Therion claims an ownership interest in an account with Bluehost as do Defendants Media By Design d/b/a Health With Magnets and Dennis Backer. Therion's claims against Bluehost stem from its allegation that it improperly allowed Backer to access the Bluehost account despite the fact that Backer paid for the account, Backer's company (as far as Bluehost knew) was still the record "owner" of the account, Backer submitted a statement under oath to Bluehost that he was the proper "owner" of the account, and the parties never submitted documentation so that Bluehost could make Therion the new "owner" of the account. Further, it is undisputed that Bluehost's software and hosting services worked properly, that Bluehost did not alter the website at issue in any way, and that Bluehost did not prevent orders from being processed through the website in question. Bluehost is simply accused of resetting the password for the account at issue and providing it to its customer, Backer, who had opened the account as a sole proprietor in his own name using a fictitious name. If Backer sold the website, Bluehost had no knowledge because both Backer and Therion failed to notify Bluehost.

Despite these undisputed facts, Therion filed its complaint on December 31, 2008 (the "Complaint") against Bluehost, among others. A copy of the Complaint is annexed to the Crusius Decl. as **Exhibit "A."** The Complaint alleges causes of action sounding in

breach of contract, conversion, misappropriation and copyright infringement against Bluehost as well as two other defendants - Media By Design, Inc. d/b/a Health With Magnets and Dennis Backer.

On or about February 20, 2009, Defendants Media By Design, Inc. d/b/a Health With Magnets and Dennis Backer filed their Answer and Counterclaim. A copy of the Answer and Counterclaim is annexed to the Crusius Decl. as **Exhibit "B."** In their Answer and Counterclaim, the HWM Defendants claim an ownership interest in the account at issue.

After unsuccessfully moving to dismiss for lack of jurisdiction, Bluehost filed its Answer and Counterclaim on August 3, 2009. A copy of the Answer and Counterclaim is annexed to the Crusius Decl. as **Exhibit "C."** In the counterclaim, Bluehost pled an alternate theory of breach of contract pursuant to Fed.R.Civ.P. 8(d)(3).[1]

On November 23, 2009, after limited discovery, Therion moved for summary judgment against Bluehost with respect to its claims for breach of contract and conversion and with respect to Bluehost's counterclaim for breach of contract.[2] For the reasons stated here, Therion's motion must be denied.

Initially, it is impossible to determine Bluehost's liability to the Plaintiff without first determining whether the Plaintiff or Defendant Backer own the website account and that is not before the Court in this motion. There can be no valid claims against Bluehost for breach of contract or conversion if the Plaintiff does not own the website and related content.

---

[1] This claim an alternative defense/theory of recovery in the event that this Court deems a contract existed between Therion and Bluehost.

[2] For instance, Bluehost has yet to be deposed or serve discovery demands on Plaintiff or Co-Defendants. Bluehost reserves the right to seek additional discovery once these motions are resolved.

Moreover,

1. Therion seeks summary judgment with respect to its breach of contract claim (Second Claim for Relief) against Bluehost and as to Bluehost's counterclaim sounding in breach of contract. *As will be detailed in Point I, infra, this branch of Therion's Motion must be denied because (a) no contractual relationship arose between Therion and Bluehost (or at the very least there are issues of fact with respect to the existence of a contractual relationship), (b) even if a contractual relationship arose between the Plaintiff and Defendant, Bluehost did not breach its contract, and (c) the Terms of Service prohibits the maintenance of the instant lawsuit against Bluehost.*

2. Therion seeks summary judgment with respect to its conversion claim (Fifth Claim for Relief) against Bluehost. *As will be detailed in Point II, infra, this branch of Therion's Motion must be denied because (a) at the very least, issues of fact exist as to whether Backer had a superior ownership interest in the account in question (b) assuming, arguendo, a contractual relationship existed between Therion and Bluehost, this claim is duplicative of the breach of contract cause of action, and (c) Backer acted under the actual and apparent authority of the Plaintiff as an employee..*

## BACKGROUND

In March 2008, Dennis Backer d/b/a Health With Magnets (hereinafter referred to as "Backer") signed up for Bluehost's retail hosting services and purchased a domain

name, <healthwithmagnets.com> paying in advance for two years of service.  Copies of the receipts generated by Bluehost are annexed to the Crusius Decl. as **Exhibit "D."**  In July 2008, Backer purchased a second domain, <healthdiscountmall.com>, and added it to his account.  *See* a printout from Backer and Health With Magnet's Control Panel annexed to the Crusius Decl. as **Exhibit "E."**

Backer used his retail website to sell magnetic therapy products manufactured by Therion as an authorized reseller.  Sometime in July or August 2008, Backer approached Therion about working with or for Therion on a full time basis as an employee or partner.  A copy of notes taken by Bruce Spiegler, President of Therion of a conversation he had with Backer is annexed to the Crusius Decl. as **Exhibit "F."**  Bruce Spiegler wrote that Backer would be compensated as an employee by a percentage of online sales.

The discussions between Therion and Backer eventually culminated in an agreement between the parties that was memorialized in the "Agreement for the Transfer of Ownership ('Purchase and Sale') of Business" (hereinafter the "Agreement").  This Agreement, which is annexed to the Crusius Decl. as **Exhibit "G"**, was entered into on August 24, 2008 and provided, in relevant part for this Motion, that:

> 1. Backer (defined as the "Seller" in the Agreement) was to sell the assets of Media By Design, Inc. d/b/a Health With Magnets to Therion (defined as the "Business" in the Agreement).  *See* Agreement, recital.
>
> 2. The assets of the Business being sold included all of the "domain name(s), online accounts, website hosting accounts…active user names and passwords…"  *See* Agreement, §1.01(c).

      3.      Backer was to be paid a percentage of all online sales. *See* Agreement, §2.01.

      4.      Backer was required to provide Therion with all account user names and passwords. *See* Agreement, §4.02.

Nowhere in the Agreement do the parties specify which domain names, online accounts, website hosting accounts, active user names and passwords that are part of the Agreement. This makes for an especially hazy situation because Backer had two domain names with Bluehost. In any event, **it is undisputed that the parties never made Bluehost aware of the existence of this Agreement that had the supposed effect of "selling" Defendant's Bluehost account to Therion.** *See* Exhibits "A" and "B." Thus, it is indisputable that Bluehost was unaware that Therion "purchased" the Bluehost account at issue here. Therion also failed to ever change the name of the corporate entity responsible for the website which remained as a sole proprietorship operating under a fictitious name. *See* Crusius Decl., **Exhibit "H."** As a matter of law, Therion and Backer failed to provide Bluehost with proper notice as to a change of ownership in the account and continued to maintain it in Backer's name. Indeed, Backer and Terion today, in this litigation, are both claiming ownership of the site and account.

On or about November 20, 2008 Backer contacted Bluehost claiming that someone else was trying to improperly access his account as demonstrated by the call logs provided by Bluehost (which are annexed to the Crusius Decl. as **Exhibit "I"**). Because Backer signed a declaration under the penalties of perjury that he was the proper owner of the Bluehost account and because Bluehost had never been informed otherwise, it reset the password and allowed Backer to access his account in his name. *See* **Exhibit**

"Q." *See also* **Exhibit "J"**. Either Therion or Backer subsequently caused the site to become disabled. Backer and Therion did not move for summary judgment as to whether Therion was entitled to take control of the site. If Therion is not entitled to ownership of the website, Plaintiff is not damaged. This is a material issue of fact and central to this case.

Much of Therion's complaint is based on the fact that by being locked out of the account, they were unable to re-create the contents of Backer's website located at <healthwithmagnets.com>. However, Therion could have easily avoided this issue by creating a backup of the website for themselves prior to this dispute occurring. *See* **Exhibit "K"**.

Finally, the Terms of Service previously provided to the Court by former counsel for Bluehost was the current Terms of Service at the time counsel submitted the documents to the Court, but was not the operative Terms of Service at the time the alleged breaches arose in this case. While the "Warranty Disclaimer," "Limitation of BlueHost.Com's Liability," and "Indemnification of BlueHost.Com" provisions (which form the basis of Bluehost's Motion) are all identical, other provisions changed. A copy of the terms of Terms of Service in effect from September 2008 through November 20, 2008 is annexed hereto as **Exhibit "L"** and the new Terms of Service in effect on November 20, 2008 is annexed hereto as **Exhibit "M."** For all intents and purpose, these Terms of Service are identical. *See also* **Exhibit "N."** Plaintiff's Motion was based upon contractual terms that were not part of the contract between the parties at any time including paragraphs 5.03 and 6.03 of a Terms of Service which were not yet in effect.

*See* **Exhibit "P."**  As such, because Therion's motion is based on an incorrect Terms of Service, it must be denied.[3]

## ARGUMENT

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED

As this Court held in *In re MetLife Demutualization Litigation*, 624 F.Supp.2d 232 (E.D.N.Y., 2009)

> A motion for summary judgment may not be granted unless the Court determines that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (*quoting* Federal Rule of Civil Procedure 56(c)). The Court must examine the evidence in the light most favorable to the non-moving party's favor. *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir.2003).

Here, examining the evidence in a light most favorable to Bluehost, the following (among other things) prevents the grant of summary judgment to Therion.

- There was no contractual relationship between Therion and Bluehost. *See e.g.* **Exhibit "H."** As such, Therion's claim for breach of contract must fail.

- Therion never changed the ownership information in the account to reflect that it was the record owner of the Bluehost account. *Id.* As such, there was no privity of contract and Therion's claim for breach of contract must fail.

---

[3] Bluehost is not estopped from taking this position. *See American Manufacturers Mutual Insurance Company v. Payton Lane Nursing Home, Inc*. 2010 U.S. Dist. LEXIS 6617 (EDNY 2010).

- Bluehost was unaware of the existence of the written Agreement. *Id.* As such, Therion's claim for breach of contract must fail.

- At the very least, there are issues of fact as to who is the proper "owner" of the Bluehost account. This is acknowledged by Therion and Backer, both of which did not move for summary judgment against each other on that issue. As such, issues of fact with respect to Therion's claim for conversion which is based on the "ownership" over the account at issue, prevent the grant of summary judgment.

More specifically, deciding summary judgment at this stage will require the Court to make factual and legal determinations with respect the contract between Therion and Backer because a determination that Bluehost breached a contract with Therion or converted Therion's property will implicate Backer's claims that he still was the rightful owner of the Bluehost account and other similarly situated assets. However, those issues have yet to be resolved as Therion did not move for summary judgment against Backer and Backer did not move for summary judgment against Therion.

Finally, independent of the above, Therion's motion must be denied because of the reasons stated below.

### POINT I

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO ITS BREACH OF CONTRACT CLAIM BLUEHOST'S COUNTERCLAIM MUST BE DENIED

In New York, in order to establish a claim for breach of contract, a party must prove (1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of that contract and (4) resulting damages. *JP Morgan Chase*

10

*v. J.H. Elec. of New York, Inc.*, --- N.Y.S.2d ----, 2010 WL 190425 (2d Dep't 2010).[4] Moreover, "[l]iability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties." *CDJ Builders Corp. v. Hudson Group Const. Corp.*, 67 A.D.3d 720, 889 N.Y.S.2d 64 (2d Dep't 2009) *citing Hamlet at Willow Cr. Dev. Co., LLC v. Northeast Land Dev. Corp.*, 64 A.D.3d 85, 104, 878 N.Y.S.2d 97. *See also Black Car and Livery Ins., Inc. v. H & W Brokerage, Inc.*, 28 A.D.3d 595, 813 N.Y.S.2d 751 (2d Dep't 2006) ("Additionally, the breach of contract cause of action was properly dismissed as to the respondent, since he was not a party to the agreement in question") *citing Schuckman Realty v. Marine Midland Bank*, 244 A.D.2d 400, 401, 664 N.Y.S.2d 73.

Here, Therion has failed to establish (viewing the evidence in a light most favorable to Bluehost) that there was privity of contract between it and Bluehost. **Never once was Therion's name ever presented to Bluehost prior to this litigation.** As such, there was no privity of contract between the parties and no contract.

Moreover, Therion itself breached the provision in the Terms of Service requiring it to "retain accurate contact information to avoid having your account terminated" because it failed to change the company name to reflect a change in ownership. *See* **Exhibit "H."**

Further, Therion has failed to establish that Bluehost violated the terms of the operative Terms of Service and has presented no evidence of such in its Motion. It has

---

[4] The elements for breach of contract in Utah are substantially the same. *See Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388 ("The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.")

only presented arguments that Bluehost violated the Terms of Service in effect after the dispute arose.

Moreover, if Bluehost is charged with knowledge of the contested transfer, Backer had the actual and apparent authority to act on behalf of Therion when he communicated with Bluehost.

Finally, the explicit terms of the Terms of Service prohibit the maintenance of this lawsuit against Bluehost. *See* the Limitation of Liability which provides in relevant part that Bluehost "shall not be liable for nonperformance or delay in performance caused by any reason, whether within or outside of its control." *See* **Exhibits "L" and "M"**, page 4. As such, Therion is prohibited from maintaining this lawsuit and its continuation of such is a breach of the Terms of Service to the extent they apply to Therion.

<u>POINT II</u>

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH
RESPECT TO ITS CONVERSION CLAIM MUST BE DENIED**

Therion's motion for summary judgment with respect to its conversion claim must be denied because (1) issues of fact exist as to who has a superior ownership interest in the Bluehost account and (2) this claim is duplicative of the claims for breach of contract (should the Court hold that a contract between Therion and Bluehost existed).

It is well settled that a "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 860 N.E.2d 713, 827 N.Y.S.2d 96 (New York 2006). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property." *Pierpoint v. Hoyt,* 260 N.Y. 26, 182 N.E. 235 [1932]; *Seventh Regiment*

*Fund,* 98 N.Y.2d at 259, 746 N.Y.S.2d 637, 774 N.E.2d 702) and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights *Employers' Fire Ins. Co. v. Cotten,* 245 N.Y. 102, 156 N.E. 629 [1927].[5]

Here, there are issues of fact over who had the right of possession to the Bluehost account. This is demonstrated by the fact that Therion failed to move for summary judgment against Backer for conversion and Backer failed to move for summary judgment against Therion for summary judgment with respect to the conversion claim. Further, not all of the account information was updated to reflect Therion as the "owner." *See* **Exhibit "H."**

Finally, a conversion claim predicated on a breach of contract is duplicative and must be dismissed (to the extent the Court finds that a contract existed between Therion and Bluehost). *Yeterian v. Heather Mills N.V. Inc*., 183 A.D.2d 493, 583 N.Y.S.2d 439 (1st Dep't 1992); *Peters Griffin Woodward, Inc. v. WCSC, Inc.,* 88 A.D.2d 883, 452 N.Y.S.2d 599.

---

[5] Similarly in Utah, "A conversion takes place when someone, intentionally and without authority, assumes or exercises control *50 over personal property belonging to someone else, interfering with that person's right of possession." *Bennett v. Huish*, 155 P.3d 917 (2007).

## CONCLUSION

For the reasons stated herein, Bluehost respectfully requests that Therion's Motion be denied in its entirety. Companies cannot terminate an employee, neglect to change the ownership name of an account, and complain that the contractor is liable for damage caused by the former employee's access to his own account.

Respectfully Submitted,

_____/s/_____
Eric S. Crusius (EC-9735)
DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 100
Glen Allen, VA 23059
Tel: 804-346-9770
Fax: 804-346-0800
*Attorneys for Defendant Bluehost, Inc.*