UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
THERION INC.,                                    Civil Action No. 08-5256-TCP-ETB

        *Plaintiff*,

    -against-

MEDIA BY DESIGN, INC. d/b/a HEALTH WITH
MAGNETS, DENNIS BACKER, and BLUEHOST
INC.,

        *Defendants*.
------------------------------------------------------------X


DEFENDANT BLUEHOST, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I.   SUMMARY JUDGMENT STANDARD ....................................................................... 1

II.  FACTS ............................................................................................................................. 1

III. LEGAL ARGUMENT .................................................................................................... 2

    A.  Plaintiff's claims are barred by the contract of the parties. .............................................. 2

    B.  There is no viable direct copyright infringement claim available against Defendant Bluehost. ......................................................................................................................... 5

    C.  Section 230 of the Communications Decency Act grants immunity to Defendant Bluehost. ......................................................................................................................... 8

IV.  CONCLUSION.............................................................................................................. 10

COMES NOW Defendant Bluehost, Inc. ("Bluehost"), by counsel, and for and in support of its Memorandum of Points and Authorities in Support of its Motion For Summary Judgment states as follows:

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment may not be granted unless the court determines that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Federal Rule of Civil Procedure 56(c)). "Summary judgment may be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. R.H. Donnelly Corp.*, 368 F.3d 123, 126 (2d Cir. 2004) (quoting Federal Rule of Civil Procedure 56(c)). "[T]he judge's role in reviewing a motion for summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*.

## II. FACTS

Defendant Backer signed up for a webhosting account with Bluehost on March 11, 2008. On or after August 2008, Plaintiff entered into Backer's account and changed some information. Neither Backer nor the Plaintiff notified Bluehost of any change of ownership in the account.

In November 2008 Backer, the seemingly rightful owner of the webhosting account, contacted Bluehost and claimed that whatever changes had occurred on the account page were from hijackers and his account had been stolen. Bluehost went through appropriate validation processes to confirm that Backer was the owner of the credit card that opened the account and further obtained, reviewed and verified his driver's license information. Thereafter the account was reinstated to its rightful owner, Mr. Backer. Within days, Plaintiff contacted Bluehost and demanded that the account be turned back over to them. Bluehost refused to do so because the account was owned by Mr. Backer who claimed that the Plaintiff hijacked and stole his account. No claim for copyright infringement was ever made. Thereafter, Plaintiff sued Bluehost for breach of contract, misappropriation, unfair competition, conversion, and copyright infringement. Plaintiff has since withdrawn the unfair competition claim in its Memorandum of Law in Opposition to Defendant Bluehost, Inc.'s Motion for Partial Summary Judgment. An Affidavit and Statement of Material Facts About Which There is No Genuine Issue Under Local Rule 56.1 has been filed herein that expands upon the particular facts and circumstances of the events leading up to this lawsuit.

### III.  LEGAL ARGUMENT

A.  <u>Plaintiff's claims are barred by the contract of the parties</u>.

Plaintiff's second claim for relief is based upon breach of contract against Bluehost. If any contract arose, it is going to be subject to the "Terms of Use" then in effect for account holders. The fifteen different versions of the "Terms of Use" are attached as Exhibits "A" through "O" of the Affidavit of Dan Ashworth ("Ashworth Affidavit Exhibits"). These contracts are presented chronologically from January 8, 2008

through September 28, 2009 and include the "Terms of Use" as it existed for Defendant Bluehost's website during the entire timeframe of this dispute.  Each version of the contract includes a provision that each modification of the "Terms of Use" is binding on subscribers to the Bluehost services after posting on the website and after subsequent use of the site by the subscribers.

All of the versions have a "warranty disclaimer" section, a "limitation of liability" section, and an "indemnification" section that is substantively identical.  A review of those provisions on any one of the "Terms of Use" substantiates that, if there was a contract between the Plaintiff and Defendant Bluehost, the Plaintiff accepted Bluehost's services "as is, as available," without any warranty of any kind.  Bluehost disclaimed any warranty with respect to the quality, performance or functionality of the services and software and with respect to the quality or accuracy of any information obtained from or available through use of the services and software.  Likewise, Bluehost disclaimed any warranty that the services and software will be uninterrupted or error-free.  Bluehost further disclaimed all warranties or conditions, express, implied or statutory including, without limitation, warranties or conditions of quiet enjoyment and non-infringement and any implied warranties of merchantability, title, fitness for a particular purpose, and merchantability of computer programs and content.  Finally, the warranty disclaimer provides that Bluehost.com does not guarantee that users will be able to use the services at times or locations of their choosing.

With respect to the limitations of liability, Plaintiff has promised that Bluehost.com shall not be liable for non-performance or delay in performance caused by any reason.  Plaintiff has further promised that in no event shall Bluehost.com be liable

under contract, negligence, strict liability or any other legal or equitable theory for any direct, indirect, incidental, exemplary or consequential damages.  There is a one-dollar limitation of liability or the amount of money paid in cash to Bluehost for the prior month's hosting, whichever is greater.  In order to provide assurances that no such claims or legal actions will be initiated, the indemnification provision includes a promise from Plaintiff to hold Bluehost harmless against all claims, losses, damages, liabilities and costs (including reasonable attorneys' fees and court costs) arising out of or relating to . . . <u>use by you or any third party of the services</u>. . . .

  These are entirely reasonable provisions given the $6.95 paid for a month for Bluehost's services.  Such limitations of liability, aside from the waivers of warranties, have been held to be fully enforceable where sophisticated parties have voluntarily entered into contracts that provide for limiting liability.  Indeed, a court may set aside such provisions only where defendant's conduct constitutes "egregious intentional misbehavior evincing extreme culpability:  malice, recklessness, deliberate or callous indifference to the rights of others or an excessive pattern of wanton acts". *Tradex Eur. SPRL v. Conair Corp.*, 2008 U.S. Dist. LEXIS 37185, at *9 (S.D.N.Y. May 7, 2008) (quoting *Kalisch-Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377, 448 N.E.2d 413, 416-17 (1983).  In addition, when dealing with a contract between sophisticated parties not implicating public health or safety, New York applies a more exacting standard of gross negligence that it would in other contexts.  The New York Court of Appeals has held that, to avoid enforcement of a limitation of liability provision, the evidence must approach reckless indifference or intentional wrongdoing:  "Gross negligence, when invoked to pierce an agreed-upon limitation of liability in a commercial contract, must 'smack of

intentional wrongdoing' . . . It is conduct that evinces a reckless indifference to the rights of others…." *Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co.*, 580 F.Supp.2d 285, 294 (S.D.N.Y. 2008) (quoting *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 554, 593 N.E.2d 1365 (N.Y. Ct. App. 1992)).

      Both of the parties in this case are sophisticated commercial businesses and this commercial contract, the only contract provision that could possibly apply if a contractual relationship exists between the Plaintiff and Defendant Bluehost, is virtually unassailable with respect to enforceability.  The ability to limit liability and disclaim warranties is not only commercially reasonable, but an essential element in the technology industry relating to providing products or services on a mass market basis at minimal expense to the consuming commercial marketplace.  If this type of limitation of liability is unenforceable, the entire technology industry would be exposed to liabilities that would be incalculable in nature and in sum.  Not only should the breach of contract, conversion and misappropriation claims be dismissed pursuant to this limitation of liability and the warranty waivers of the contract, but Plaintiff has also waived and limited its copyright infringement claim.  Accordingly, all claims against Bluehost should be dismissed at this summary judgment stage.

B.    <u>There is no viable direct copyright infringement claim available against Defendant Bluehost.</u>

      "In a copyright infringement case, a Plaintiff must show, *inter alia*, the 'unauthorized copying of the copyrighted work.'" *Vargas v. Pfizer, Inc.*, 2009 U.S. App. LEXIS 24263, at *2 (2d Cir. Nov. 5, 2009) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).  While the nature of the act of copying sometimes becomes difficult to evaluate, the Second Circuit has made it clear that in order to prove direct

copyright infringement, which is the cause of action Plaintiff alleges, one must prove that the Defendant made the copy. In a case involving a "remote storage DVR system" operated by Cablevision, the court stated the following:

> . . . by selling access to a system that automatically produces copies on command, Cablevision more closely resembles a store proprietor who charges customers to use a photocopier on his premises, and it seems incorrect to say, without more, that such a proprietor "makes" any copies when his machines are actually operated by his customers.

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 132 (2d Cir. 2008).

Simply stated, Defendant Bluehost provides web servers and Internet access. Its customers build websites, install software, exclusively populate those websites with creative works, activate, launch, manage, edit, and fully control the websites. Bluehost is not making any copies of websites. It provides the technology for those websites to be hosted. Plaintiff suggests that the reinstatement of the rightful owner's account constituted copyright infringement by Bluehost. This would be an argument more appropriate for contributory or secondary liability, an argument Plaintiff has not made and a cause of action Plaintiff has not brought.

Section 512 (c) of the Digital Millennium Copyright Act ("DMCA") creates a "safe haven" for businesses like Bluehost to be free from monetary, injunctive or other equitable relief absent knowledge of a copyright infringement. The statute establishes a DMCA "take down" notice process in which an aggrieved copyright owner can serve upon the web host a specified notice that would require the web host to remove the alleged copyright infringing material. Bluehost fully complies with the registration and notice requirements of this Act, regularly processes and removes content pursuant to DMCA "take down" notices, and fully complies with this process established by

Congress. Plaintiff elected not to avail itself of the notice process and further wholly failed and refused to advise Bluehost that Bluehost was allegedly hosting copyright infringing material. The lack of notice in and of itself is adequate for this Court to conclude that Bluehost is not liable because it was not aware of facts or circumstances from which infringing activity is apparent. *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1114 (9th Cir. 2007).

In addition, apparent knowledge will be found only when the service provider ignores *obvious signs of infringement*, not simply whether a reasonable person might have deduced infringement given all of the circumstances. *Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d. 1090, 1108 (W.D. Wa. 2004). A Southern District of New York case states flatly that "[t]he DMCA requires that copyright owners believing there is infringement of their copyrights follow the notice provisions provided in 17 USCS § 512(c)(1), a DMCA "take down notice" – in order to hold Internet service providers liable for copyright infringement." *Twelve Inches Around Corp. v. Cisco Sys.*, 2009 U.S. Dist. LEXIS 34966, at *6 (S.D.N.Y. Mar. 12, 2009). Therefore, a party cannot sue for copyright infringement until it has gone through and used the DMCA "take down notice" process to establish the requisite degree of knowledge of a web host or service provider. It appears that contributory or secondary liability would be the basis for establishing legal exposure, but in the present case only direct copyright infringement has been alleged. The DMCA does not create additional direct copyright infringement liability, but instead does just the opposite: it absolves service providers without knowledge from traditional secondary liability.

In summary, Bluehost had no knowledge of the alleged copyright infringement, Plaintiff elected not to use the DMCA "take down notice" process to properly put Bluehost on notice, and the only claim asserted by Plaintiff is one for direct copyright infringement which requires that Bluehost actually have copied Plaintiff's website, which in turn would require proof that is directly contrary to the evidence in this case.

C.  <u>Section 230 of the Communications Decency Act grants immunity to Defendant Bluehost</u>.

Bluehost is immune from liability for the conversion, misappropriation and breach of contract causes of action.  Section 230 of the Communications Decency Act ("CDA") provides as follows:

> No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider"; and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

47 USCS § 230(c)(1) and 230(e)(3).

> The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

§ 230(f)(2).

> The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service.

§ 230(f)(3).

Bluehost is without a doubt an interactive computer service.  Clearly the content at issue, the website, is information provided by an information content provider (either

Page 8

Plaintiff or Defendant Backer). Therefore, the only issue is whether Plaintiff's claims seek to treat Defendant Bluehost as a publisher or speaker of third party content. *See, generally*, *Gibson v. Craigslist, Inc.*, 2009 U.S. Dist. LEXIS 53246 (S.D.N.Y. June 15, 2009).

It is clear from a long line of cases that reference to being a "publisher or speaker" refers not only to the pure republication of speech, but to the conduct and actions undertaken by one acting in a publishing role. *See*, *e.g.*, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003). "[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial function—such as deciding whether to publish, withdraw, postpone or alter content—are barred." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). Under Section 230(c), therefore, so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process. Consequently, Bluehost is considered a publisher for purposes of Section 230. *See Almeida v. Amazon.com, Inc.,* 456 F.3d 1316, 1321 (11th Cir. 2006).

Courts across the country have repeatedly held that the CDA's grant of immunity should be construed broadly. *See, e.g., Universal Commun. Sys. v. Lycos, Inc.*, 478 F.3d 413, 419, (1st Cir. 2007). "Section 230(c) thus immunizes Internet service providers from defamation and other, non-intellectual property, state law claims <u>arising from third-party content</u>." *Murawski v. Pataki*, 514 F. Supp. 2d 577, 591 (S.D.N.Y. 2007). At least one district court in this circuit has applied Section 230 immunity to conversion, quantum meruit, tortious interference with contractual rights, and tortuous interference with prospective economic advantage. *Earth Flag Ltd. v. Alamo Flag Co.*, 153 F. Supp. 2d

Page 9

349 (S.D.N.Y. 2001). Furthermore, in *Kruska v. Perverted Justice Foundation Inc.*, 2008 U.S. Dist. LEXIS 109347, at *8-9 (D. Ariz. July 9, 2008), the court found that, "[as] applied, Section 230 immunity has proved nearly limitless, protecting providers from defamation, invasion of privacy, misappropriation of rights to publicity, general negligence, and intentional infliction of emotional distress, among other claims." Accordingly, Counsel has been unable to find a single cause of action, other than the specifically carved out criminal and intellectual property exceptions, that any court has recognized as precluded from coverage of the immunity provisions of Section 230.

The breadth of the immunity extends also to breach of contract claims. District Judge Hurley, within the Eastern District, dismissed a breach of contract claim against Google based upon Section 230 immunity. *Novak v. Overture Servs.*, 309 F. Supp. 2d 446 (E.D.N.Y. 2004). Likewise, claims for breach of contract were dismissed based upon Section 230 immunity in Connecticut, as well as Indiana. *Jane Doe One v. Oliver*, 755 A.2d 1000, (Conn. Sup. Ct. 2000). *See also*, *Morrison v. Am. Online Inc.*,153 F. Supp. 2d 930 (N.D. Ind. 2001). Plaintiffs often attempt to plead around the immunity by claiming traditional breach of contract, but the courts have consistently seen through this gerrymandering and consistently held that there is no limitation to the application of the statute beyond the criminal and intellectual property exceptions expressly carved out by Congress.

### IV. **CONCLUSION**

The Court can simply grant the Motion for Summary Judgment based upon the terms of the applicable contracts which carry with them limitations of liability and waivers and disclaimers adequate to bar any of the claims asserted by the Plaintiff. The

Page 10

Court should also grant summary judgment, on an alternative basis, with respect to the copyright infringement claim since there has been no copying by Defendant Bluehost and Bluehost was not aware of any copyright infringement such that it should be held liable. Finally, Section 230 of the Communications Decency Act bars the three claims of misappropriation, conversion and breach of contract.  Consequently, Bluehost requests that this Court grant its Motion for Summary Judgment, dismiss all of Plaintiff's claims, and grant leave for Defendant Bluehost to submit a request for attorneys' fees in accordance with the terms of the applicable contract and under the copyright laws relating to the prevailing party in litigation.

Dated April 5, 2010               /s/ John W. Dozier, Jr., Esq.
                                  *Pro Hac Vice*
                                  Dozier Internet Law, P.C.
                                  11520 Nuckols Road, Suite 101
                                  Glen Allen, VA  23059
                                  Tel. (804) 346-9770
                                  Fax (804) 346-0800
                                  Email:  jwd@cybertriallawyer.com

                                  Lead Counsel for *Defendant Bluehost, Inc.*


                                  Anthony M. Camisa, Esq., AC6001
                                  ANTHONY MICHAEL CAMISA, P.C.
                                  323 Willis Avenue
                                  Mineola, New York 11501
                                  Tel: (516) 741-0005
                                  Fax: (866) 831-2098
                                  Email:  acamisa@camisaesq.com
                                  *Attorney for Defendant Bluehost, Inc.*