Gregg A. Paradise
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax:  908.654.7866

*Attorneys for Plaintiff Therion Inc.*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERION INC., | : |
| | : Civil Action No. 08-5256-TCP-ETB |
| Plaintiff, | : |
| v. | : District Judge Thomas C. Platt |
| | : Magistrate Judge E. Thomas Boyle |
| MEDIA BY DESIGN, INC. d/b/a HEALTH WITH MAGNETS, DENNIS BACKER, and BLUEHOST INC., | : |
| | : |
| Defendants. | : |
| | x |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
BLUEHOST, INC.'S MOTION TO AMEND ITS ANSWER AND COUNTERCLAIM**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.  INTRODUCTORY STATEMENT ..............................................................................1

II. BLUEHOST'S SUDDEN PRODUCTION OF FOURTEEN
    "NEW" TERMS OF SERVICE AGREEMENTS IS IMPROPER ....................................3

    A.  The Federal Rules Of Civil Procedure Prohibit BlueHost
        From Presenting These New Terms Of Service Agreements ..................................3

    B.  BlueHost — And Therion — Have Continuously Relied On
        The Terms Of Service Agreement Which BlueHost
        Attached To Its Answer And Counterclaim .............................................................5

III. BLUEHOST HAS WAIVED THE NEW AFFIRMATIVE
     DEFENSES ..................................................................................................................6

    A.  Bluehost Has Waived These New Defenses By Failing To
        Raise Them In Its Answer and Counterclaim ..........................................................7

    B.  BlueHost's Failure to Provide Any Justification In Its
        Motion To Amend Does Not Meet The Standard For
        Amending A Pleading ...............................................................................................7

    C.  BlueHost's "Justifications" Mentioned Briefly In Its
        Previous Motion For A Continuance Also Fail To Meet
        The Standard For Amending A Pleading .................................................................9

IV. CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*,
   760 F.2d 442 (2d Cir. 1985)..................................................................................................8

*Arista Records LLC v. Usenet.com, Inc.*,
   633 F. Supp. 2d 124 (S.D.N.Y. 2009).....................................................................................2

*Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*,
   757 F.2d 523 (2d Cir. 1985)....................................................................................................5

*Cresswell v. Sullivan & Cromwell*,
   922 F.2d 60 (2d Cir. 1990)......................................................................................................8

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006)....................................................................................................3

*Foman v. Davis*,
   371 U.S. 178 (1962)................................................................................................................8

*Travelers Int'l, A.G. v. Trans World Airlines, Inc.*,
   41 F.3d 1570 (2d Cir. 1994)....................................................................................................7

**Statutes, Rules & Other Authorities**

17 U.S.C. § 512..............................................................................................................................2

Fed. R. Civ. P. 15(a) .....................................................................................................................7

Fed. R. Civ. P. 37(c)(1)..................................................................................................................3

I.      **INTRODUCTORY STATEMENT**

Defendant BlueHost Inc.'s ("Bluehost") motion to amend its Answer and Counterclaim is improper and untimely, and should be denied by the Court. In an attempt to confuse the Court into denying Therion Inc.'s ("Therion") motion for partial summary judgment, BlueHost now presents 14 new additional versions of BlueHost's Terms of Service Agreements ("New TOS Agreements") and requests that the Court should determine which contract is the *actual* contract so that BlueHost may amend its Answer and Counterclaim to replace the original Terms of Service Agreement ("Original TOS Agreement") with a Terms of Service Agreement that is perceived to be more favorable to BlueHost. (BlueHost Mem. Amend. 3.) Discovery has been closed since November 2, 2009, and thus, BlueHost is legally estopped from presenting these documents by the Federal Rules of Civil Procedure. (Dkt.12; Order Granting Dkt.26, Aug. 4, 2009.) BlueHost has provided no justification for its inconsistent statements and excessive delay in providing Therion with these documents, but rather allows its co-owner and vice president to present conflicting affidavits, both made under penalty of perjury, because very specific discovery obligations going to the heart of this case "slipped" his mind. (Ashworth Aff. ¶ 11, April 1, 2010.)

BlueHost's excessive delay is clearly not harmless, but has prejudiced Therion, and has wasted both the parties' and the Court's valuable time and efforts. In addition, BlueHost has continuously stated, in its memoranda and sworn affidavits, that the Original TOS was the Terms of Service Agreement in effect at all times relevant to this litigation. (Dkt.22, at 6; Dkt.27 ¶¶ 68, 72; Second Paradise Decl. (Dkt.47) Exh. G, Feb. 24, 2010; BlueHost Original Rule 56.1 Stm't (Dkt.48) ¶¶ 4-5, attached as Exh. A; BlueHost Original Mem. (Dkt.56) 4, attached as Exh. B.) Now BlueHost seeks to change its story.

Allowing BlueHost to amend at this time would in essence declare that it is acceptable for a party to: rely on a particular document that is central to both the plaintiff's and the defendant's claims; make repeated statements to the Court in support of the accuracy of the document; withhold highly relevant documents during discovery; and present previously withheld and contradictory documents, without justification for an over five-month delay, in order to oppose a daunting summary judgment motion. Permitting such behavior would essentially render the Federal Rules of Civil Procedure entirely meaningless.

BlueHost also moves to amend its Answer and Counterclaim to assert several new affirmative defenses. BlueHost now requests that the Court allow it to add as affirmative defenses: (1) immunity under Section 230 of the Communications Decency Act ("CDA"); and (2) "significant affirmative defenses that arise from the terms of the contracts at issue in this case."[1] (BlueHost Mem. Amend. 2.) BlueHost has not provided Therion with a proposed amended answer, and while not required by the rules, it is entirely unfair for Therion to have to guess exactly what additional "significant" affirmative defenses BlueHost seeks leave to assert. Essentially, BlueHost is requesting the Court's permission to present an entirely new answer to Therion's complaint after discovery has closed, and after the parties have filed summary judgment motions.

None of these new defenses was presented in BlueHost's Answer and Counterclaim, nor did BlueHost even *mention* any additional defenses until faced with Therion's Motion for Partial Summary Judgment. This litigation has been active for over one year; the Court's scheduling

---

[1] BlueHost does not mention the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("the DMCA") although immunity under this statute is also clearly an affirmative defense. *See Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 142 (S.D.N.Y. 2009) (precluding the defendants from asserting "their affirmative defense of protection under the DMCA's safe harbor provision."). Further, BlueHost also requests that the Court allow it to amend to add the copyright defenses of lack of knowledge and lack of copying; however, these defenses, are actually directed to the elements of copyright infringement, and thus are not affirmative defenses.

order required that the parties amend their pleadings no later than October 1, 2009; and discovery has been closed since November 2, 2009. (Dkt.1; Dkt.12; Order Granting Dkt.26.) Despite these facts, BlueHost has provided no justification whatsoever in its motion for its excessive delay in presenting these affirmative defenses. (Dkt.12; Order Granting Dkt.26.)

## II. BLUEHOST'S SUDDEN PRODUCTION OF FOURTEEN "NEW" TERMS OF SERVICE AGREEMENTS IS IMPROPER

BlueHost's excessively tardy production of 14 TOS Agreements ("'New' TOS Agreements"), attached to the Ashworth Affidavit as Exhibits A and O is improper, violates the Federal Rules, and unfairly prejudices Therion. Accordingly, for any one of the several reasons listed below, the Court should deny BlueHost's Motion to Amend its Answer and Counterclaim to substitute a new Terms of Service Agreement.

### A. The Federal Rules Of Civil Procedure Prohibit BlueHost From Presenting These New Terms Of Service Agreements

Discovery closed on November 2, 2009. Thus BlueHost is legally estopped from presenting new evidence without leave of the Court. Fed. R. Civ. P. 37(c)(1) states that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The 1993 advisory committee notes describe this rule as an "automatic sanction [which] provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298-99 (2d Cir. 2006). Therion's document requests focused specifically on the Terms of Service Agreement and requested all of BlueHost's Terms of Service (1) "in effect on March 11, 2008"; (2) "in effect any time after August 24, 2008"; and (3) "in effect at any time that apply to either the MDB Defendants or Therion." (Second Paradise Decl. Exh. I Reqs. 5-7.) Despite these specific requests for multiple versions of the agreements to the extent they exist, the "New" TOS Agreements were never

produced until BlueHost was faced with an overwhelming summary judgment motion. Thus, BlueHost cannot rely on these documents unless BlueHost can demonstrate that its failure to provide these documents was substantially justified or harmless, both of which it clearly cannot do.

BlueHost has provided no justification for failing to produce to the New TOS Agreements when specifically requested to do so by Therion. BlueHost cannot claim that it is substantially justified because "it did not even register with me that there were other iterations of the User Agreement" according to BlueHost's co-owner and Vice President Dan Ashworth. (Ashworth Aff. ¶ 11.) BlueHost has had numerous opportunities to correct any "mistakes" made during discovery period, or even prior to filing for summary judgment against Therion based on the Original TOS Agreement, but BlueHost specifically failed to do so. These 14 new documents suggest that BlueHost actually updated its Terms of Service Agreement 14 times in an 18-month period, including four times after BlueHost was sued in this case and before it first asserted the Original TOS Agreement. (Ashworth Aff. Exhs.A-0.) Thus, BlueHost has not provided any justification, let alone a substantial one, for not disclosing the "New" TOS Agreements any earlier despite the fact that Therion specifically requested such documents.

BlueHost's presentation of these "New" TOS Agreements is clearly not harmless to Therion. Therion has spent significant time and effort in completing discovery in this action, and in preparation of its Motion for Partial Summary Judgment and its oppositions to BlueHost's motions, all of which relied on the Original TOS Agreement. Therion's legal fees relating to its initial opposition to BlueHost's Motion for Summary Judgment, which has now been withdrawn by BlueHost, total $12,685.05. BlueHost's Motion to Dismiss, which was heard by this Court on May 22, 2009, also specifically relied on the Original TOS Agreement. Therion's legal fees

relating to this motion were $4,272.08. In addition, Therion has relied on BlueHost's continued assertions that the Original TOS Agreement was in fact the Terms of Service Agreement in effect during November of 2008, using this information to establish Therion's strategy for this case including Therion's Motion for Partial Summary Judgment. The New TOS Agreements are not identical to the Original TOS Agreements, and in fact specifically omit several of the terms that Therion has relied on in preparation of its motion for partial summary judgment. BlueHost's failure to provide Therion with the "New" TOS Agreements in a timely manner has unfairly prejudiced Therion and cannot be considered harmless. In fact, as detailed below, Therion has unnecessarily expended $16,957.13 due to BlueHost's deficiencies. Accordingly, Therion requests that the Court enforce Rule 37 and refuse to allow BlueHost to rely on the "New" TOS Agreements.

### B. BlueHost — And Therion — Have Continuously Relied On The Terms Of Service Agreement Which BlueHost Attached To Its Answer And Counterclaim

BlueHost cannot be allowed to continuously rely on one version of a document, but then deny the applicability of the document when it is no longer in BlueHost's best interests. It is well established that "[a] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523 (2d Cir. 1985). BlueHost originally attached the TOS Agreement ("Original TOS Agreement") as Exhibit A to its Answer and Counterclaim. (Dkt.27.) BlueHost's Counterclaim then cited to specific sections of the Original Terms of Service Agreement. (*Id*. ¶¶ 68, 72.) BlueHost also relied on the Original TOS Agreement in its reply in support of its motion to dismiss, again citing specific sections. (Dkt.22, at 6.) More recently, BlueHost used the Original TOS Agreement as the central basis for its original motion for partial summary judgment, stating that its "Terms of Service (or Bluehost's Web site rules) in effect at

the inception of Backer's Web site (during March 2008) up to and including the date of commencement of this action are set forth as Exhibit A to the moving declaration of Danny Ashworth." (Exh. B at 4.) Mr. Ashworth has even declared that "BlueHost's Terms of Service . . . in effect at the inception of Backer's website (during March 2008) up to and including the date of commencement of this action are set forth as Exhibit A hereto." (Second Paradise Decl. Exh. G ¶ 8.) Exhibit A is the Original TOS Agreement. BlueHost's original statement under Rule 56.1 also stated that "Bluehost's Terms of Services, published on Bluehost's website on March 11, 2008 is annexed hereto as Exhibit A (the 'Terms of Service'). [¶ 8 Ashworth Decl.] The Terms of Service remained in effect, without change throughout the period up to and including the date of commencement of this action. [¶ 8 Ashworth Decl.]" (Exh. A ¶¶ 4-5.) Again, Exhibit A is the Original TOS Agreement. Accordingly, BlueHost's continued reliance on the Original TOS Agreement prohibits it from now attempting to substitute a New TOS Agreement.

### III.   BLUEHOST HAS WAIVED THE NEW AFFIRMATIVE DEFENSES

Despite its failure to raise affirmative defenses in its motion to dismiss, Answer and Counterclaim, or even during the discovery period, BlueHost now seeks to present new affirmative defenses, some of which BlueHost has not even bothered to specifically identify. (BlueHost Mem. Amend 2.) BlueHost requests that the Court allow it to amend its answer to include the defenses of immunity under Section 230 of the Communications Decency Act ("CDA"), as well as "significant affirmative defenses that arise from the terms of the contracts at issues in this case." (*Id.*) BlueHost has not provided Therion with a proposed amended answer or given Therion any notice as to what these "significant" affirmative defenses are. Thus, Therion is unable to respond directly to the subject matter of these unidentified affirmative defenses. In any event, BlueHost failed to raise these defenses at the proper time and has not

provided any justification for its failure to do so. Therefore, BlueHost cannot meet the standard for amending a pleading, and the Court should deny BlueHost's motion to amend.

### A. Bluehost Has Waived These New Defenses By Failing To Raise Them In Its Answer and Counterclaim

BlueHost's failure to provide Therion with notice of these new affirmative defenses in its Answer and Counterclaim must result in an automatic waiver of the defenses. According to the Second Circuit: "The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver." *Travelers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994) (holding that defendant waived an affirmative defense when it was not pled in an answer and counterclaim and not raised until after the damages trial had begun, thus the district court did not need to make a finding with regard to the affirmative defense). BlueHost not only failed to raise these affirmative defenses in its answer, but it also failed to amend its Answer and Counterclaim within the time period set by the Court. Moreover, BlueHost has not provided any justification for its delay in its motion papers. (Dkts.12, 27.) Thus, BlueHost's failure to raise these affirmative defenses in its Answer constitutes waiver of these defenses.

### B. BlueHost's Failure To Provide Any Justification In Its Motion To Amend Does Not Meet The Standard For Amending A Pleading

BlueHost has again failed to address the proper legal standard for granting its requested relief, has provided no justification for its delay in presenting these defenses, and in any event, cannot meet the standard for amending a pleading. Fed. R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The Supreme Court has identified several factors that allow a court to deny a request to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Any amendment to BlueHost's Answer and Counterclaim would both prejudice Therion and, in any event, be futile.

An amendment is especially prejudicial when, as here, discovery is closed and summary judgment motions have been filed. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985). In *Ansam*, the Second Circuit affirmed the lower court's refusal to allow the plaintiff to amend where the plaintiff's justification to amend was "that its counsel prior to March 1983 had failed to conduct substantive discovery" and plaintiff "alleges that it was only after new counsel was substituted in March, 1983, that it discovered the information that formed the basis of its newly proposed claim." *Id*.

In addition, when a significant period of time has passed between the filing of the pleading and the motion to amend, "the burden is upon the party who wished to amend to provide a satisfactory explanation for the delay." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). In *Cresswell*, the Second Circuit affirmed the lower court's denial of leave to amend where "[t]he only excuse offered for the delay was that plaintiffs' counsel had been unaware of [the statute]." *Id*.

Here, Therion will clearly be prejudiced by BlueHost's failure to present these affirmative defenses earlier. BlueHost failed to raise these defenses in its motion to dismiss or later in its answer, and has provided no excuse for this excessive delay in its present motion. (Dkts.27, 20.) BlueHost's answer was filed on August 30, 2009. (Dkt.27.) Thus, BlueHost has waited almost seven months to present these defenses. Discovery has been closed for five months, since November 2, 2009, and summary judgment motions were filed by both Therion and BlueHost on

November 23, 2009. (Dkt.12; Order Granting Dkt.26; Dkt.38; BlueHost Original Notice of Mot., attached as Exh. C.)

Further, for the reasons presented in Therion's Memorandum in Opposition to BlueHost's Motion for Partial Summary Judgment ("Therion's Opp'n Mem."), the Court should deny BlueHost's Motion to Amend, because BlueHost is not protected by the CDA. Thus, this amendment would be futile. As for BlueHost's "significant" affirmative defenses, which BlueHost has not bothered to identify, Therion is unable to provide a substantive response as to their futility.

BlueHost also claims that the Court may consider the affirmative defense of Section 230 immunity even if it was not raised by BlueHost in its Answer because it is an "obvious" defense. (BlueHost Mem. Amend 2.) However, it is unclear how BlueHost can identify this claim as "obvious" since it waited over half a year to present it, and several months after new counsel took over, and never once previously mentioned Section 230 in this action. BlueHost fails to identify any case law that supports its proposition. Accordingly, Therion submits that the "obviousness" of Section 230 immunity does not support BlueHost's motion to amend its Answer and Counterclaim, and therefore, this motion should be denied.

### C. BlueHost's "Justifications" Mentioned Briefly In Its Previous Motion For A Continuance Also Fail To Meet The Standard For Amending A Pleading

In the event that BlueHost attempts to rely on statements it previously made in its Motion for a Continuance because it has provided no justification in its present motion, Therion provides the following response. BlueHost previously argued that it was entitled to amend its summary judgment motion because of a change in counsel and judicial economy. (BlueHost Notice of Mot. for Continuance (Dkt.61) attached as Exh. D; BlueHost Mem. Continuance (Dkt.62) attached as Exh. E.) This argument is specious. BlueHost failed to raise these defenses in either

its answer or its motion to dismiss. (Dkts.27, 20.) The time for amending BlueHost's answer expired on October 1, 2009. (Dkt.12.) New counsel has been involved in this case since early December 2009. Therion's counsel gave BlueHost four extensions of time totaling almost two months to serve its opposition to Therion's motion for partial summary judgment, yet BlueHost failed to raise any new defenses in its opposition memorandum served on February 3, 2010. (Third Paradise Decl. (Dkt.67), Mar. 1, 2010; BlueHost Original Opp'n. Mem. Dkt.42, attached as Exh. F.) Again, BlueHost's own actions have drawn out the judicial process. Thus, it is unclear how allowing the amendment would result in "judicial economy." Granting BlueHost's motion would only result in further delay and additional expense for all.

### IV. **CONCLUSION**

Based on the foregoing, Therion requests that the Court deny BlueHost's motion for a continuance and to amend its Answer and Counterclaim.

> Respectfully submitted,
>
> LERNER, DAVID, LITTENBERG,
>   KRUMHOLZ & MENTLIK, LLP
> *Attorneys for Plaintiff Therion Inc.*

Dated  April 30, 2010                By:  s/ Gregg A. Paradise
                                          Gregg A. Paradise
                                          Tel:   908.654.5000
                                          E-mail: gparadise@ldlkm.com
                                                  litigation@ldlkm.com

1174747_1.DOC                               10