```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THERION INC.,
                    Plaintiff,                          ORDER
                                                  08-CV-5256 (TCP)(ETB)
        -against-

MEDIA BY DESIGN, INC.,
DENNIS BACKER, and BLUEHOST INC.

                    Defendants.
----------------------------------X
```

DF

Before the court is a Report and Recommendation ("Report"), issued by Magistrate Judge Boyle on November 11, 2010, recommending that the Court: (1) deny BlueHost's motion to amend its Answer and Counterclaim ("Amended Answer"); (2) deny Therion's motion for summary judgment as to breach of contract; (3) deny Therion's summary judgment motion as to conversion and grant BlueHost's motion to dismiss Therion's conversion claim; (4) deny BlueHost's motion for summary judgment as to Therion's misappropriation claim; (5) deny BlueHost's motion for summary judgment as to Therion's copyright infringement claim; and (6) grant Therion's motion for summary judgment as to BlueHost's counterclaim for breach of contract and deny BlueHost's motion for summary judgment as to the same.

The recommendations are ACCEPTED in whole.

I.   **Standard**

> Section 636(b)(1)(B) of the Federal Magistrates Act provides that a district judge may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . ."

*U.S. v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (*quoting* 28 U.S.C. § 636(b)(1)(B)). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen

1

days of being served the report and recommendation, any party may file an objection to the recommendations of the magistrate judge. *Id.* If an objection is filed, "[the] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. N.Y.*, 160 F.Supp.2d 606, 610 (S.D.N.Y. 2006).

II. **Analysis**

Defendant BlueHost ("BlueHost") objects to the recommendations to deny its motion to amend its Answer and the affirmative defenses found therein. Plaintiff Therion ("Therion") objects to the recommendations regarding the denial of Therion's motion for summary judgment as to its breach of contract claim. As such, only those claims will be reviewed herein. All other recommendations have been reviewed by the Court; the Court is satisfied that those recommendations regarding unobjected-to claims contain no clear error and the Court accepts those recommendations without further review.

a. Amended Answer

The Report concluded that BlueHost's motion to amend its Answer should be denied.

As noted in the Report, "[t]he court . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties.' " Magistrate's Report and Recommendation, 6-7 [hereinafter *Recommendation*] (*quoting Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d. Cir. 1990)).

As to "inordinate delay," discovery closed on November 9, 2009; BlueHost did not file its motion to amend until June 1, 2010. As noted by the Report, "[t]hroughout discovery, the parties proceeded on the belief that the TOS Agreement attached to BlueHost's Answer was the TOS Agreement in effect during the time period at issue." *Recommendation*, 7. Moreover, the Report reviews, in depth, Therion's requests for discovery production of all Terms of Service in effect during the time period at issue. *Id.* "Despite these requests, the only TOS Agreement ever produced by BlueHost is the one originally attached to its Answer." *Id.* The Court wholly accepts the Report's analysis and concurs that "[p]ermitting BlueHost to amend its Answer and Counterclaim at this point . . . would be 'especially prejudicial [to Therion] given the fact that discovery ha[s] already been completed and [Therion] ha[s] already filed a motion for summary judgment.'" *Recommendation*, 8 (*quoting Ansam Assoc., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)). Further, BlueHost does not offer a "satisfactory explanation" for the delay. The Court agrees that BlueHost's excuse for delay—the failure of BlueHost's prior counsel to conduct discovery—"is not enough to justify permitting an amendment at this late date in the litigation." *Id.*

The Court concludes, therefore, that BlueHost's objections relating to the denial of its motion to amend its Answer—regarding Section 230 of the Communications Decency Act and the Digital Millennium Copyright Act—fail as well. The Court agrees with the Report's findings that these claims are affirmative defenses that were "not included anywhere in BlueHost's Answer and [have] therefore been waived." *See e.g., Recommendation*, 17. The Court has denied BlueHost's motion to amend its answer. As such, BlueHost's "failure to plead an affirmative defense bars its invocation at later stages of the litigation." *Id.* (*quoting Doubleday & Co. v. Curtis*, 763 F.2d 495, 503 (2d Cir. 1985)).

3

b. Motions for Summary Judgment

i. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010).

ii. Breach of Contract

a. Therion's Objection

In its sole objection to the Report, Therion asserts that there is no genuine issue of material fact as to its performance under the Terms of Service Agreement ("TOS Agreement"). Therion's Objection to *Recommendation*, Sec. II. After a review of the record, the Court finds that the Report's analysis was correct.

The Report correctly found a contract existed between the parties. *Recommendation*, 12. The Report points to paragraph 1.02 of the TOS Agreement, which states that Therion must provide "complete, accurate, and current information" and that it agreed to "update all such information as necessary to maintain complete, accurate, and current information." *Recommendation*, 13 (*quoting* TOS Agreement ¶ 1.02). As noted in the Report, Therion claims it satisfied these obligations; Bluehost asserts that Therion failed to satisfy these obligations. Each party can point to factual evidence that supports its positions. By definition, a dispute of fact exists; because the Court must draw all factual inferences in favor of the nonmoving party, the

Court concurs with the recommendation to deny Therion's motion for summary judgment as to breach of contract.

      i.      Bluehost's Objection

The Report recommended that the Court deny BlueHost's counterclaim for breach of contract. *Recommendation*, 18. The Report correctly found an ambiguity in the TOS Agreement. Paragraph 12.02 of the TOS Agreement contains clearly ambiguous language in that the language is "reasonably capable of being understood in more than one sense." *Id.*, at 20 (*quoting Dixon v. Pro Image, Inc.*, 987 P.2d 48, 52 (Utah 1999)). There is ambiguity as to whether the second sentence of Paragraph 12.02 limits liability as to only nonperformance or delay in performance. Because the Court finds the language to be ambiguous, Utah law—under which the Court is to review the TOS Agreement according to Paragraph 11.07 of the TOS Agreement—demands that the Court construe the language against the drafter. *Utah Pizza Serv., Inc. v. Heigel*, 784 F.Supp. 835, 838 n.1 (D. Utah 1992). As such, the Court agrees with the findings of the Report: "the limited liability provision only applies to BlueHost's liability for nonperformance or a delay in performance. Accordingly, the TOS Agreement does not preclude Therion from asserting the causes of action alleged in the Complaint." *Recommendation*, 22.

III.    **Conclusion**

The court accepts, in whole, the Report and Recommendation issued by Magistrate Judge Boyle, which recommended that the Court: (1) deny BlueHost's motion to amend its Answer and Counterclaim; (2) deny Therion's motion for summary judgment as to breach of contract; (3) deny Therion's summary judgment motion as to conversion and grant BlueHost's motion to dismiss Therion's conversion claim; (4) deny BlueHost's motion for summary judgment as to Therion's misappropriation claim; (5) deny BlueHost's motion for summary judgment as to

5

Therion's copyright infringement claim; and (6) grant Therion's motion for summary judgment as to BlueHost's counterclaim for breach of contract and deny BlueHost's motion for summary judgment as to the same.

SO ORDERED.

_____
Thomas C. Platt, U.S.D.J.

Dated: December 16, 2010
      Central Islip, New York